

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

DEILI PORFIDI MAURICIO CANO,

Petitioner,

v.

CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,

Respondents.

Case No.:  3:25-cv-03334-DMS-KSC

**ORDER GRANTING PETITIONER'S MOTION FOR FURTHER RELIEF**

**[ECF No. 15]**

On November 27, 2025, Petitioner Deili Porfidi Mauricio Cano petitioned for writ of habeas corpus pursuant to 28 U.S.C. § 2241, contesting her detention at the Otay Mesa Detention Center. (Mot., ECF No. 1.)  On December 24, 2025, this Court found, over Respondents' opposition,  Petitioner's prolonged detention violated her due process rights, and granted in part the Petition ("Habeas Order").  (*See* Habeas Order, ECF No. 12, at 6.) Specifically, the Court denied Petitioner's request for immediate release, but ordered Respondents to provide her with an individualized bond hearing within fourteen (14) days of entry of the Habeas Order.  (*Id.*)  Petitioner received a hearing on January 6, 2026, wherein the immigration judge ("IJ") denied bond because Petitioner "failed to demonstrate that she does not present an extreme risk of flight such that no amount of bond

was warranted." (IJ Order, ECF No. 21-1, at 7.) Petitioner appealed to the Board of Immigration Appeals, which remains pending. (*See* Mot. ¶ 18.) Now, Petitioner moves this Court for further relief, arguing the IJ incorrectly placed the burden on Petitioner. (*Id.* ¶ 28.) This matter is fully briefed, (*see* ECF Nos. 18 (Respondents' opposition), 19 (Petitioner's reply)), and suitable for decision without oral argument pursuant to Civil Local Rule 7.1(d)(1). Considering the briefs, submitted evidence, and legal authority, the Court grants Petitioner's motion.

"District courts have the authority to review compliance with prior orders granting habeas relief, including orders for bond hearings." *Bayani v. LaRose*, No. 26-CV-0266, 2026 WL 1270059, at *3 (S.D. Cal. May 8, 2026) (citing *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011)). Specifically, "the Court retains jurisdiction to determine whether a party has complied with its earlier habeas order." *Lara v. Bondi*, No. 26-cv-1125, 2026 WL 892021, at *2 (S.D. Cal. Apr. 1, 2026) (citing *Leonardo*, 646 F.3d at 1161). Federal courts also have jurisdiction to review whether the agency properly applied the burden of proof. *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). When conducting bond hearings for detainees held under 8 U.S.C. § 1225, IJs must place the burden on the Government to prove by clear and convincing evidence that the detainee is either a flight risk or danger to the community. *Bayani*, 2026 WL 1270059, at *5 (citations omitted). "The clear and convincing evidence standard is an 'intermediate burden of proof' applied when 'particularly important interests are at stake.'" *Id.* (citation omitted).

Here, the IJ misplaced the burden onto Petitioner. In its Habeas Order, the Court conducted its analysis assuming Petitioner was properly detained under § 1225(b)(2)(A), rather than 8 U.S.C. § 1226(a). (Habeas Order 4.) Under this assumption, the Court found Petitioner's detention became unconstitutionally prolonged in violation of the Fifth Amendment's Due Process Clause and, for that reason, ordered Respondents to provide Petitioner with a bond hearing before an IJ. (*Id.* at 5–6.) Thus, it was the Government's burden to prove Petitioner was either a flight risk or a danger to the community. However, the IJ's written order recites the burden of proof for a § 1226(a) bond hearing, rather than

3:25-cv-03334-DMS-KSC

a §1225(b)(2)(A) prolonged detention hearing.  (*See* IJ Order 6.)  Further, the IJ denied Petitioner bond because Petitioner "failed to demonstrate that she does not present an extreme risk of flight."  (*Id.* at 7.)  Thus, the IJ misplaced the Government's burden of proof onto Petitioner and relied upon this improper burden when denying bond.  Accordingly, the Court finds the bond hearing was constitutionally deficient.  Petitioner's motion for further relief is **GRANTED**.[1]

The Court **ORDERS** Respondents to provide Petitioner with a second bond determination hearing within **ten (10) days** of entry of this Order.  *See Bayani*, 2026 WL 1270059, at *8 (ordering second bond hearing when immigration judge failed to place burden on Government).  At this bond hearing, Respondents must justify Petitioner's continued detention by a showing of clear and convincing evidence that she would likely flee or pose a danger to the community if released.  *Elikaei v. LaRose*, No. 25-CV-03219, 2025 WL 3539165, at *1 (S.D. Cal. Dec. 10, 2025).  Respondents are further **ORDERED** to provide a status report within **five (5) days** of providing Petitioner with a bond hearing, notifying this Court of the results.

**IT IS SO ORDERED.**

Dated:  July 2, 2026

Hon. Dana M. Sabraw
United States District Judge

---

[1] Respondents argue that Petitioner must first exhaust her administrative remedies before seeking relief from this Court.  (*See* ECF No. 18, at 2–4.)  While this Court previously required prudential exhaustion, *Elikaei v. Larose*, No. 25-CV-03219, 2026 WL 1625645, at *1 (S.D. Cal. June 5, 2026), the present case is factually distinct in that the IJ explicitly recited and relied on an improper burden of proof.  Thus, considering the circumstances in this case and the narrow scope of the Court's review, waiver of exhaustion is warranted.  *See Singh v. LaRose*, No. 26-CV-1425, 2026 WL 1387428, at *3 (S.D. Cal. May 18, 2026); *Bayani*, 2026 WL 1270059, at *5.

3:25-cv-03334-DMS-KSC